**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SW&W INVESTMENTS, LLC** | § | |
| | § | |
| **Vs.** | § | **CIVIL ACTION NO. 2:13-CV-_____** |
| | § | |
| **SIGNET HOTELS, LLC &** | § | |
| **BHUPENDRA B. PATEL** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SW&W Investments, LLC, hereinafter called Plaintiff, complaining of and about Signet Hotels, LLC and Bhupendra "BB" Patel, hereinafter called Defendants, and for causes of action show unto the Court the following:

**PARTIES AND SERVICE**

1.     Plaintiff SW&W Investments, LLC is a Texas formed Limited Liability Company with its base of operations in Marshall, Texas.

2.     Defendant Signet Hotels, LLC is a Delaware formed Limited Liability Company located in the state of California.  It may be served with process by serving its registered agent Prabhu Goel at the following address: 525 Middlefield Road, Menlo Park, CA 94025.

3.     Defendant Bhupendra "BB" Patel is an individual residing in Menlo Park California and may be personally served at the following address: 525 Middlefield Road, Menlo Park, CA 94025.

**STATEMENT OF JURISDICTION AND VENUE**

4.     Jurisdiction and venue are proper in this Court.

5.     This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties, in that each Defendant is now and was at the time

the action was commenced diverse in citizenship from Plaintiff.  Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.  Lastly, 15 U.S.C. § 78 provides that the federal courts shall have exclusive jurisdiction to hear matters involving violations of federal securities laws.

6.      Plaintiff is a Texas Limited Liability Company headquartered in Harrison County, State of Texas.  Furthermore, venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events and misrepresentations giving rise to these claims occurred within this district.  Lastly, this Court has personal jurisdiction over Defendants because they conduct business in this district and they derive substantial income from this district.

## FACTS

7.      In January of 2008 Defendants began soliciting Plaintiff to invest in a venture to build hotels in the country of India under the "Best Western" franchise name.  This particular opportunity was marketed as a plan to build a total of ten hotel properties in India with an eventual IPO The first project was alleged to be an approximate 100 bed facility in the burgeoning area of Navi Mumbai.  An elaborate PowerPoint presentation and projected investment profits were provided to Plaintiff as an enticement to invest.  Sketches, renditions, and proposed layouts were presented.  Defendant Patel claimed, through other entities wholly owned or controlled by him, that he was the sole owner of the Best Western franchise for the entire country of India.  If anyone wanted to build and operate a Best Western in India, it had to go through him.  He boasted his prior experience in legitimately financing, building, and operating hotels in India as well as California all the while knowing Plaintiff would rely on these representations as part of the decision making process of whether to invest.

8.      On or about January 24, 2008 Plaintiff decided to make an investment in the

venture in the amount of $100,000.   A subscription agreement was executed and an accompanying wire transfer was processed delivering the money from a local bank in Marshall, Texas to an account held at UBS in the name of Defendant Signet Hotels, LLC.   Shortly thereafter, operating agreements were executed.   Based upon information and belief, $6,200,000.00 was raised from the efforts of this subscription agreement to allegedly kick off the project described above.

9.     In the summer of 2011, Plaintiff, by and through counsel, officially requested information regarding the status of this investment.   Specific information and documentation were requested.   The Defendants response dated September 6, 2011 acknowledged the request, apologized for the delay and stated that all issues would be addressed within 30 days.   This representation and promise was never fulfilled.   To date, Defendants have wholly failed to ever provide any of the following information which represents the material facts that have been omitted:

a.   Audited financial statements and/or expense reports

b.   Ownership documentation regarding legal title to any real estate in the country of India.

c.   Tax documents other than erroneous K-1's (only provided after numerous requests by Plaintiff)

d.   Construction contracts

e.   Contractions with Best Western, India or any other affiliate of Best Western.

10.     In short, Defendants have never supplied any proof whatsoever of how a single dollar of the raised capital was spent outside of miniscule administrative expenses or whether a

shovel has ever turned the first scoop of dirt on the represented hotel construction process. Rather, they have continued to string along Plaintiff with excuse after excuse, promising to return phone calls or emails that never occur.

11.     Defendants have even gone as far as requesting Plaintiff and other investors to infuse additional monies to complete the project due to unexpected delays, logistical problems, and market conditions.  Yet Defendants have wholly failed to describe or provide any evidence of what the unexpected delays or logistical problems entail.

12.     In November of 2012 Defendant Patel was in Marshall, Texas attending the wedding ceremony of a family friend.  Defendant Patel and Wes White- President of Plaintiff, conversed at the ceremony regarding the status of the India venture.  Defendant Patel represented that the project was still on track and that he would follow up with additional information when he returned home to California.  This never occurred.

13.     In June of 2013, Plaintiff again pressed Defendant Patel to disclose how much, if any, of the investment monies had been spent.  Defendant responded in part as follows "as a banker, you can run the numbers.  Keep in mind in India land is worth more than here.  Thanks and have a great day."  Plaintiff responded that it would gladly run the numbers but needed the raw data for doing so.  Defendant Patel responded back that he was in a meeting but would respond the next day.  This, of course, never occurred.   To date, Plaintiff, after numerous requests, has never been provided any proof or documentation where any of its $100,000 investment was spent other than an a few unsubstantiated K-1 forms illustrating accounting fees and bank charges amounting to less than $100.  Aside from the $100,000 investment of Plaintiff, it is now readily apparent that the entire $6,200,000 raised by Defendants is wholly unaccounted for.

## CLAIMS

### *Violations of SEC Rule 10b-5 & Sec. Exch. Act § 10(b)*

14.    Plaintiff reincorporates all facts and allegations contained above.

15.    Due to Defendants deliberate concealment and refusal to tender any information whatsoever regarding Plaintiff's investment evidences the requisite scienter and self-dealing practices to establish a claim for violating Rule 10b-5 as well as § 10(b) of the Exchange Act. Furthermore, Defendants use of the telephone, mail, and internet constitutes the use of interstate commerce to carry out their fraudulent practices.

### *Controlling Person Liability against Defendant Patel*

16.    Defendant Patel, by virtue of his position as a manager of Defendant Signet Hotels, and thus a "controlling person" over the activities and expenditures of the LLC is personally liable for the fraudulent acts of the LLC.  Additionally, Patel was and is a mouthpiece for the LLC and thus personally made the false and misleading statements alleged herein.

### *Common Law Fraud, Fraud by Non-Disclosure*

17.    Plaintiff reincorporates all facts and allegations contained above.

18.    Due to the misrepresentations, directly and through omission of material facts by the Defendants, relied upon by Plaintiff to its detriment, Plaintiff now seeks all available damages for the fraudulent activities of Defendants.

### *Punitive Damages*

19.    Plaintiff reincorporates all facts and allegations contained above.

20.    All of the acts complained of above were done knowingly, willfully, or in the alternative recklessly solely for the benefit of Defendants and to the detriment of Plaintiff for which it now seeks punitive damages.

## JURY DEMAND

21. Plaintiff hereby demand a jury trial and has tendered the requisite fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Josh B. Maness
P.O. Box 1785
Marshall, Texas  75671
Tel. (903) 407-8455
Fax (877) 320-5751
Attorney for Plaintiff
manessjosh@hotmail.com

By:  /s/ _____ Josh B. Maness_____
      Josh B. Maness
      Texas Bar No. 24046340